UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOUSSA DIARRA,

                      Petitioner,

       -against-

U.S. GOVERNMENT,

                      Respondent.

1:21-CV-7498 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, currently held as a pretrial detainee in the DeKalb County Jail, in Decatur, Georgia, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 seeking to challenge his detention. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Georgia.

    In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a Section 2241 *habeas corpus* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in a jail in Decatur, DeKalb County, Georgia, which is located in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Therefore, in the interest of justice, this Court transfers this action to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1406(a).

    The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Petitioner should be permitted to

proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.[1] *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 9, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Petitioner has attached to his petition submissions in which he seeks federal *mandamus* relief against a foreign state's embassy, the States of Georgia and Florida, the Governor of Georgia, the City of Atlanta, and a private tobacco company (ECF 2, at 10-22), which are entities that are not subject to federal *mandamus* relief, *see* 28 U.S.C. § 1361. To the extent that Petitioner also seeks federal *mandamus* relief against federal entities, which are subject to such relief, *see* §1361, the Northern District of Georgia appears to be the proper venue for such claims, *see* 28 U.S.C. § 1391(e)(1)(B), (C).